UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DOUGLAS LONGHINI, : Case No.:
:
    Plaintiff, :
v. :
:
3212891 CANADA, INC., a Foreign for Profit :
Corporation, HARRY ROSSDEUTSCHER and :
SIMON ROSSDEUTSCHER d/b/a MEDLEY :
COMMERCIAL CENTER, and EL SITIO MINI :
MARKET, INC., d/b/a EL SITIO MINI :
MARKET, Florida for Profit Corporation, :
:
    Defendants. :
_____ /

## COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF

Plaintiff, DOUGLAS LONGHINI (hereinafter "Plaintiff"), hereby sues the Defendants, **3212891 CANADA, INC.**, a Foreign for Profit Corporation, **HARRY ROSSDEUTSCHER and SIMON ROSSDEUTSCHER d/b/a MEDLEY COMMERCIAL CENTER** and **EL SITIO MINI MARKET, INC., d/b/a EL SITIO MINI MARKET**, Florida for Profit Corporation, for injunctive relief, attorneys' fees, litigation expenses and costs, for failing to make its facilities accessible to Americans with disabilities in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and alleges as follows:

### JURISDICTION & VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff's claim is authorized by Title 42 U.S.C. §§ 12181, 28 U.S.C. §§ 2201 and 2202.

3. This Court has pendant jurisdiction over any and all potential State law claims pursuant to Title 28 U.S.C. § 1367(a).

4. All of the actions or omissions complained of herein have taken place within the jurisdiction of the United States District Court for Southern District of Florida and the subject facilities are located in Miami-Dade County, Florida.  28 U.S.C. § 1391.

## PARTIES

5. Plaintiff, **DOUGLAS LONGHINI**, is a resident of the State of Florida, *sui juris*, and an American with a disability.  Plaintiff qualifies as an individual with disabilities as defined by the ADA.

6. Plaintiff suffers from Cerebral Palsy and requires a wheelchair to ambulate. Plaintiff is limited in one or more of life's major activities, including but not limited to walking, standing, grabbing, and grasping.

7. Defendant, **3212891 CANADA, INC.,** is a foreign for Profit Corporation that is authorized to, and does, transact business in the State of Florida.

8. Upon information and belief, 3212891 CANADA, INC, is the owner and/or lessor and/or operator of the commercial facility located at 7911 NW 72 Avenue, Medley, Florida 33166 (hereinafter "Defendant" or "CANADA, INC.").

9. Defendant, **HARRY ROSSDEUTSCHER and SIMON ROSSDEUTSCHER d/b/a MEDLEY COMMERCIAL CENTER**, are individuals who are authorized to, and does transact business in Florida, by and through the fictitious name.

10. Upon information and belief, HARRY ROSSDEUTSCHER and SIMON ROSSDEUTSCHER d/b/a MEDLEY COMMERCIAL CENTER, are the operators of the

commercial facility located at 7911 NW 72 Avenue, Medley, Florida 33166 (hereinafter "Defendant" or "7911 NW 72 Plaza").

11. Defendant, **EL SITIO MINI MARKET, INC., d/b/a EL SITIO MINI MARKET**, is a registered for profit Corporation that is authorized to, and does, transact business in the State of Florida.

12. Upon information and belief, EL SITIO MINI MARKET, INC., d/b/a EL SITIO MINI MARKET, is the tenant and/or lessee and/or operator of the commercial facility located at 7911 NW 72 Avenue, Medley, Florida 33166 (hereinafter "Defendant" or "EL SITIO").

13. Plaintiff plans to return to the subject commercial facility and place of public accommodation but has encountered the barriers violating the ADA, and its corresponding sections of the American With Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), the Florida Americans With Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building Construction (hereinafter collectively referred to as "FACBC") barriers.

## GENERAL FACTS

14. Plaintiff, a wheelchair user who has limited use of his hands, visited the 7911 NW 72 Plaza as a patron and tester.

15. Defendant, CANADA, INC., is the owner and operator of the subject commercial facility, (hereinafter "commercial facility", "facility", or "7911 NW 72 Plaza"), which leases commercial tenant space to the Defendant, EL SITIO.

16. Defendant, HARRY ROSSDEUTSCHER and SIMON ROSSDEUTSCHER d/b/a MEDLEY COMMERCIAL CENTER, are the operators and/or property management company

of the subject commercial facility which leases commercial tenant space to the Defendant, EL SITIO.

17. Defendant, EL SITIO, operates a convenience market store commonly known as El Sitio Mini Market at the 7911 NW 72 Plaza.

18. Plaintiff was not able to, and still cannot, access significant portions of the 7911 NW 72 Plaza and/or EL SITIO, or avail himself of the various goods and services Defendants otherwise offer to able bodied individuals.

19. At 7911 NW 72 Plaza, Plaintiff was unable to access the parking as follows:

### 7911 NW 72 PLAZA

a. The Plaintiff had difficulty exiting the vehicle, as the designated accessible parking space access aisles were located on an excessive slope. Violation: Some of the accessible parking space access aisles are located on an excessive slope in violation of Section 4.6.3 of the ADAAG, whose resolution is readily achievable.

b. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces were located on an excessive slope. Violation: Some of the accessible parking spaces are located on a slope in violation of Section 4.6.3 of the ADAAG, whose resolution is readily achievable

20. At 7911 NW 72 Plaza, Plaintiff was unable to access the place of public accommodation, EL SITIO, as follows:

### EL SITIO

a. The Plaintiff could not use the toilet compartment without assistance, as one of the required size is not provided: Violation: The toilet compartments provided for public use at the facility are in violation of Section 4.17.3 and Figure 30(a) of the ADAAG, whose resolution is readily achievable.

b. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes were not wrapped. Violation: The lavatory pipes

    were not fully wrapped or maintained violating Section 4.19.4 of the ADAAG, whose resolution is readily achievable.

c. The Plaintiff could not use the mirror as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19.6 of the ADAAG, whose resolution is readily achievable.

d. The Plaintiff had difficulty using the toilet compartment as the required grab bars were not provided. Violation: The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG and Sections 604.5.1 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

e. There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG and Sections 703.4.1 and 703.4.2 of the 2010 ADA Standards, whose resolution is readily achievable.

21. Plaintiff was unable to access the parking lot and/or exit his vehicle without difficulty at the 7911 NW 72 Plaza and/or the goods and services and/or the restrooms at the place of public accommodation, EL SITIO (referred to as the "tenant space").Plaintiff has encountered and has knowledge of numerous inaccessible elements which prevent access and/or are a threat to the safety of individuals with disabilities in Defendants' commercial facility and the tenant space.

22. Due to the architectural barriers encountered, all areas of the premises were not experienced by Plaintiff. Therefore, the above lists of ADA violations are not to be considered all-inclusive. A *complete* list of violations at the Defendants commercial facility and the tenant space, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives.[1]

---

[1] Rule 34 of the Federal Rules of Civil Procedure.

23. Upon information and belief, correcting each barrier in paragraphs 19-20 of this Complaint is readily achievable.

24. Plaintiff has a continuing connection with 7911 NW 72 Plaza because Plaintiff lives approximately 15 miles from same location and Plaintiff frequently visits the area.

25. Plaintiff intends to revisit the subject commercial facility and the tenant spaces.

26. The barriers prevent and deter Plaintiff from returning to the subject commercial facility and the tenant space to enjoy the goods and services available to the public.

27. Plaintiff has been denied access to, and has been denied the benefits of, services, programs and activities of the subject commercial facility and the tenant spaces, and has otherwise been discriminated against and damaged because of Defendants existing ADA violations, including, but not limited to, those set forth herein.

28. The violations present at Defendants' subject commercial facility and the tenant space violate the ADA and infringe on Plaintiff's right to travel free of discrimination. Plaintiff desires to, and would patronize Defendants subject commercial facility and the tenant space in the foreseeable future if the Defendants subject commercial facility and the tenant space were made accessible.

29. Plaintiff is deprived of the meaningful choice of freely visiting Defendants subject commercial facility and the tenant space, which are readily available to the general public until the existing barriers have been removed.

### COUNT I
### AMERICANS WITH DISABILITIES ("ADA")
### ACTION FOR INJUNCTIVE RELIEF

30. This action arises pursuant to Title 42 U.S.C. § 12181, *et seq.* ("Americans with Disabilities Act").

31.     Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 28 of this Complaint as if fully stated herein.

32.     At all times relevant to this action, the ADA, 42 U.S.C. § 12101, *et seq.,* was in full force and effect and applies to Defendants' conduct or omissions thereof.

33.     At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R Part 36, were in full force and effect and applied to the Defendant's conduct.

34.     The objective of the ADA is to eliminate discrimination against individual with disabilities. Section 302(a) of the ADA, 42 U.S.C. § 12182(a), prohibits discrimination "on the basis of disability in the full and equal of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

35.     Section 302(b) (2) (A) (iii) of the ADA, 42 U.S.C. § 12182(b) (2) (A) (iii), provides that discrimination that discrimination under the ADA further includes "the failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services" as defined under § 12102 of the ADA.

36.     28 CFR § 36.211 requires accessible elements to be maintained in accordance with the 2010 Americans with Disabilities Act Accessibility Standards.

37.     It is therefore necessary to implement and adhere to a policy and procedure whereby all accessible features are properly maintained, kept in proper location, working order and remain compliant.

38. At all times relevant to this action, Plaintiff is a qualified individual with a disability within the meaning of Title III of the ADA, 42 U.S.C. § 12102.

39. At all times relevant to this action, Defendants commercial facility and the tenant spaces are places of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181 and 28 CFR § 36.104.

40. Both the landlord who owns the building that houses the places of public accommodations and the tenants who own or operate the places of public accommodations are public accommodations subject to the requirements of this part.  28 CFR § 36.201.

41. Plaintiff visited Defendants' commercial facility and the tenant space which forms the basis of this lawsuit on or about December 12, 2015, and plans to return, to avail himself of the goods and services offered to the public therein.

42. Plaintiff has encountered and has knowledge of the architectural barriers at the subject commercial facility and the tenant space which has endangered Plaintiff's safety and discriminated against Plaintiff on the basis of his disability.  Defendants have deprived Plaintiff the equal opportunity offered to the general public to freely travel without fear of being subjected to discrimination by maintaining a public accommodation with ADA violations and failing to remove such barriers existing at the facilities.

43. Defendants have discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the premises, as prohibited by 42 U.S.C. § 12182 *et seq.*, and by failing to remove architectural barriers as required by the ADA.

44. Defendants, through the actions outlined above, have denied Plaintiff the opportunity to participate or benefit from the services, facilities, and accommodations provided by Defendant. 42 U.S.C. §12182; 28 C.F.R. § 36.202.

45. Defendants' violations of the ADA mentioned above directly caused Plaintiff to sustain past and continuing physical and emotional injuries. Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury as a result of Defendants' pattern and practice of discrimination.

46. Immediate and irreparable injury, loss or damage will result to Plaintiff, and the existing loss and damage will be aggravated, if the Defendants are not enjoined to comply with the ADA. Plaintiff will continue to suffer such discrimination, injury and damage and will be deterred from returning to the premises without the relief provided by the ADA as requested herein. Plaintiff has no adequate remedy at law without the entry of an injunction enjoining Defendants from discriminatory barriers, policies, and practices in violation of the ADA.

47. Plaintiff has suffered, is suffering, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at Defendants' commercial facility and the tenant spaces. Defendants have caused Plaintiff to suffer a sense of isolation and segregation and deprive Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public by continuing to operate a commercial facility and the tenant space with discriminatory conditions in violation of the ADA.

48. Plaintiff wishes to re-visit the subject commercial facility and the tenant space to avail himself of the services, programs and/or activities available at the building/property, but also to assure himself that the subject commercial facility and the tenant space are in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the

property without fear of discrimination, dignitary harm and threats to their safety, once the architectural barriers to access have been removed and reasonable changes in policy implemented, and it is absolutely clear that the discriminatory behavior and policies alleged herein cannot reasonably be expected to recur.

49.     Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been alteration to Defendants places of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

50.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $50,000.00 or less).

51.     All other conditions precedent have been met by Plaintiff or waived by the Defendants.

52.     Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiff's injunctive relief including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and/or closing the subject facilities until the requisite modifications are complete.

53.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys' fees, including costs and expenses incurred in this action.   Plaintiff is entitled to recover those attorneys' fees, costs and litigation expenses from the Defendants.

54.     The Plaintiff demands a non-jury trial on all issues to be tried herein.

**WHEREFORE**, Plaintiff respectfully requests:

A.     The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*;

B.     Injunctive relief against the Defendants including an Order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absences of auxiliary aids and services;

C.     Award Plaintiff his reasonable attorneys' fees, costs and litigation expenses incurred in this action pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505;

D.     Any such other and further relief as this Court may deem proper and just under the circumstances and allowable under Title III of the American with Disabilities Act.

Dated: August 10, 2016

Respectfully Submitted,

**LAW OFFICE OF GONZALEZ ZEPEDA**
Park Place of Kendall
13386 SW 128th Street
Miami, Florida 33186
Telephone: (305) 251-5878
Fax: (305)251-5879
E-Mail: service@gzattorneys.com

By: /s/ PABLO GONZALEZ ZEPEDA
PABLO GONZALEZ ZEPEDA
Florida Bar No.: 58692
E-Mail: pablo@gzattorneys.com

**LAW OFFICE OF GONZALEZ ZEPEDA**
Park Place of Kendall
13386 SW 128th Street
Miami, Florida 33186
Telephone: (305) 251-5878
Fax: (305)251-5879
E-Mail: service@gzattorneys.com

By: */s/* CAMILO F ORTEGA
CAMILO F. ORTEGA, *Of Counsel*
Florida Bar No.: 0075387
E-Mail: camilo@gzattorneys.com

[Remainder of Page Intentionally Left Blank]